**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50554 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00909-R |
| v. | |
| STEVEN M. FERGUSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted October 14, 2014[**]

Before:    LEAVY, GOULD, and BERZON, Circuit Judges.

Steven M. Ferguson appeals from the district court's judgment and

challenges the 121-month sentence and $15,000 fine imposed on resentencing

following his jury-trial convictions for various fraud, tax, obstruction, and financial

offenses under 18 U.S.C. §§ 2, 1341, 1503, 1956(a)(1)(A)(i), 1957, and 2314; and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

26 U.S.C. § 7201. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and vacate in part.

Ferguson contends that the district court violated Federal Rule of Criminal Procedure Rule 32(i)(3)(B) by failing to resolve alleged factual disputes at sentencing. This claim fails. Because the arguments that Ferguson raised at sentencing did not contradict any factual assertions in the presentence report, they did not invoke the district court's fact-finding responsibility under Rule 32. *See United States v. Petri*, 731 F.3d 833, 840-41 (9th Cir.), *cert. denied,* 134 S. Ct. 681 (2013). Moreover, any error was harmless because the record reflects that the disputed facts had no effect on the sentence imposed. *See United States v. Saeteurn*, 504 F.3d 1175, 1179 (9th Cir. 2007) (Rule 32(i)(3)(B) claims "are confined to factual disputes which affected the temporal prison term of the sentence the district court imposed.").

Ferguson next contends that the court erred by orally imposing a $15,000 fine despite its finding that Ferguson was unable to pay a fine. The government concedes that no fine should be imposed in this case. *See* U.S.S.G. § 5E1.2(a). Accordingly, we vacate the fine as orally imposed and hold that the corrected written judgment, which waives all fines, shall control.

**AFFIRMED in part; VACATED in part.**

13-50554